IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

S.M., *et al.*,
      Plaintiffs,

v.

MONIFA B. MCKNIGHT, *et al.*

      Defendants.

C.A. No. 8:23-cv-01387 (DLB)

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO PROCEED ANONYMOUSLY AND
SEAL THE COMPLAINT AND ADMINISTRATIVE RECORD**

Pursuant to FED. R. CIV. P. 5.2, and D. MD. CIV. R. 105(11), plaintiffs have respectfully moved the Court to authorize the Clerk of Court to permit the plaintiffs to proceed anonymously and to authorize the Clerk of Court to seal the complaint attached to this motion and administrative record, both of which contain personally identifiable information.[1]

1.      Student-plaintiff SM.. is a juvenile.

2.      The facts in this case concern confidential educational records and personally-identifiable information directly related to the student.

3.      Information about a student is protected by federal and State confidentiality statutes, including the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g(b)(1)

---

[1] At the direction of the Clerk, plaintiffs have opened the case using the redacted complaint. A copy of the original complaint, containing personally identifying information, is attached to this motion as an exhibit. Upon granting of the consent motion to seal, plaintiffs ask that the attached complaint be sealed.

(protecting student educational records and personally identifiable information from disclosure), and MD. REGS. CODE tit. 13A, § 08.02.02 (same).

4. The release of this confidential and personally identifiable information most likely will jeopardize this student's educational and professional future, as well as have an impact on him socially.

5. The release of this information may cause plaintiffs emotional harm.

6. Maintaining the confidentiality of this information would be in the best interest of the student.

7. Using initials to refer to the student or redacting the file as alternatives to allowing the parents to proceed anonymously and sealing the original complaint and administrative record will not provide sufficient protection. The release of the parents' name and address will lead to the discovery of the identity of the student and public access to educational records and personally identifiable information about the student. Moreover, the original complaint and administrative record will be replete with information regarding the student's educational disabilities and other personal information.

8. The substitution on the docket of the anonymous/redacted complaint for the original complaint will both protect the student-plaintiff and maintain reasonable public access.

9. It is well established that a district court may seal all pleadings and filings under these circumstances. *See, e.g.*, *Webster Groves Sch. Dist. v. Pulitzer Publishing Co.*, 898 F.2d 1371, 1377 (8th Cir. 1990) (holding that stigmatization and humiliation of student if sensitive information is made public is reason enough to seal the file); *Robert M. v. Hickok,* 29 IDELR

784, 786 (E.D. Pa. 1999) (record sealed because of the, "practical difficulties involved in physically concealing" the names of the student-plaintiff and his parents).

10. Plaintiffs seek to proceed anonymously using their initials only (D.M. and J.M.), using an anonymous/redacted complaint, and to have both the complaint attached to this motion and the administrative record sealed due to the confidential and sensitive nature of the material involved.

11. No public interest will be served by allowing access to this information.

12. Defendants consent to this motion.

WHEREFORE, plaintiffs pray that this Court grant this motion.

Respectfully Submitted,

*Paula A. Rosenstock*

Paula A. Rosenstock   #09798
Michael J. Eig        #07718
MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland  20815
(301) 657-1740
*Counsel for Plaintiffs*